IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick Jerome English, ) | C/A No.: 1:13-2858-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| William R. Byars, Jr.; R. Saltburg; ) | |
| Cheron M. Hess; Ann Hallman; Jannita ) | |
| Gaston; Christopher Floran; and ) | |
| Bradford Drawlinson,¹ ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Roderick Jerome English, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at McCormick Correctional Institution ("MCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges claims of negligence and a violation of his constitutional rights by the following SCDC employees: William R. Byars, Jr.; R. Saltburg; Cheron M. Hess; Ann Hallman; Jannita Gaston; Christopher Floran, and Bradford Drawlinson (collectively "Defendants"). [Entry #1 at 1–2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the

---

¹ Although "Cristopher Floran Bradford Drawlinson" is listed as one defendant in the "parties" section of the complaint, it is clear from the attachments to the complaint that Cristopher Floran and Bradford Drawlinson are two different people. [Entry #1-1 at 2–3].

1

undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he provided Juanita Gaston, SCDC Regional Director of Division Classification, with information regarding the mishandling of his mental health medication, but Gaston allegedly failed to properly investigate his claims. [Entry #1 at 3, 7]. Additionally, Plaintiff alleges that former SCDC Director William R. Byars neglected Plaintiff's mental health by failing to resolve issues Plaintiff had with his medication.[2] *Id.* at 5. Plaintiff claims that he wrote "more than 5 Request to Staff" forms to defendant Byars, explaining the problems with his mental health medication. *Id.* at 6. Plaintiff further asserts that all of his institutional grievances have been denied since 2006. *Id.* Plaintiff states that he has lost good time credit and been assigned a less favorable custody classification due to his behavioral issues. *Id.* Plaintiff alleges that he informed all Defendants about these matters. [Entry #1 at 7, #1-1 at 2–3]. Plaintiff seeks reinstatement of: (1) institutional privileges; (2) custody level "MI2"; and (3) good conduct time.[3] [Entry #1 at 7]. Plaintiff also seeks monetary damages and an investigation of his alleged neglect. [Entry #1-3 at 1].

---

[2] Because Plaintiff has a civil action pending in this court against defendant Byars and other prison employees for alleged deliberate indifference to Plaintiff's medical needs, *English v. Andrews*, C/A No. 1:13-2793-JFA-SVH (D.S.C. Oct. 15, 2013), the undersigned does not construe the instant case as stating a claim against Byars for deliberate indifference to Plaintiff's serious medical needs.

[3] To the extent Plaintiff seeks the return of his good conduct time, such relief is unavailable under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas

2

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

---

corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

3

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

        1.     Custody classification claims

Plaintiff complains that he has been assigned an unfavorable custody classification level. [Entry #1 at 6]. However, a prisoner has no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Cases previously decided in this district make clear that South Carolina law confers no protected liberty interest upon state inmates regarding prison classification. *See Keeler v. Pea*, 782 F. Supp. 42, 43–44, (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). Therefore, Plaintiff's custody classification claims are subject to summary dismissal.

2.      Grievance procedure claims

Plaintiff also alleges the denial of his prison grievances since 2006. [Entry #1 at 6]. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Daye v. Rubenstein*, No. 10–6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims related to Defendants' alleged refusal to process his grievances are likewise subject to summary dismissal.

3.      Negligence claims

Plaintiff asserts "legal malpractice" in the caption of the complaint. [Entry #1 at 1]. Plaintiff further references alleged medical neglect and Defendants' general failure to properly respond to Plaintiff's complaints regarding his medical care. Plaintiff fails to allege that Defendants are medical personnel or involved with his medical care.

The law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). Thus, any negligence, legal or medical malpractice claims alleged by Plaintiff are subject to summary dismissal. While Plaintiff's negligence claims might be actionable in state court, the undersigned recommends the district judge decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United*

5

*Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

December 11, 2013                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).